UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 24-10119-smr |
| 1001 WL, LLC | § § | CHAPTER 11 |
| DEBTOR. | § § | |
| | | |
| TIG ROMSPEN MASTER MORTGAGE FUND US, LP<br>Plaintiff | § § § § | |
| v. | § § | ADV. NO. 24-1062 |
| ALI CHOUDHRI, ET AL<br>Defendants | § § § § | |

**MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION**

COMES NOW 1001 WL, LLC, Defendant, and files this Motion to Dismiss for Failure to State a Cause of Action and would show as follows:

1. On November 13, 2024, Plaintiff filed an adversary proceeding against Al Choudhri and five other defendants, including 1001 WL, LLC.

2. The suit against 1001 WL, LLC alleged the following claims:

    a. Tortious interference;

    b. Civil conspiracy; and

    c. Temporary and Permanent Injunctive Relief.

3. Under Fed.R.Civ.P. 12(b)(6), a suit may be dismissed for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) is made applicable to adversary proceedings by Fed.R.Bankr.P. 7012.

4. As an initial matter, the claim is barred by the proof of claim bar date in this case. The Court may take judicial notice that the bar date for filing claims in this case was June 4, 2024. Neither Romspen's original Proof of Claim (filed February 16, 2024) nor its Amended

1

Proof of Claim (filed July 12, 2024) assert the claims made by Romspen in this adversary proceeding. This adversary proceeding was filed on November 13, 2024. It alleges damages against 1001 WL, LLC based upon pre-petition conduct. As a result, it is an untimely claim which must be denied. *See, e.g., Miller v. Bodenstein (In re Pererine Financial Group, Inc.)*, No. 14-A-00837, 2015 WL 2237201 at *3-4 (Bankr. N.D. Ill. May 13, 2015)(dismissing adversary proceeding filed after the claims bar date where plaintiff had not filed a proof of claim asserting the claims).

5. The Supreme Court has defined the standard for stating a claim upon which relief may be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal,* 556 U.S. 662,678-79 (2005).

6. Texas law does not have a cause of action for "tortious interference." Presumably Plaintiff meant tortious interference with contract. Under Texas law, "A party alleging tortious interference must prove four elements to sustain its claim: (1) that a contract subject to interference exists; (2) that the alleged act of interference was willful and intentional; (3) that the willful and intentional act proximately caused damage; and (4) that actual damage or loss occurred." *J.A.S.*

2

*Farms, Inc. v. Toribio (In re Toribio),* 662 B.R. 280, 298 (Bankr. W.D. Tex. 2024). To establish the third element, a plaintiff must show that "the defendant took an active part in persuading a party to a contract to breach it." *Id.* at 299.

7. The allegations against Debtor are that:

> 76. Choudhri and 1001 WL knew about the Romspen DOT and the other Romspen Loan documents.
>
> 77. Choudhri and 1001 WL willfully and intentionally interfered with Romspen's rights under the Romspen DOT and/or the other Romspen Loan documents by participating in the transfer of the Property from GLNH to 1001 WL without Romspen's written consent.

8. The crux of the complaint is that 1001 WL "participat(ed) in the transfer of the Property from GLNH to 1001 WL without its consent." There is no allegation that 1001 WL took any action to induce GLNH to transfer the property or that 1001 WL was anything other than a passive recipient of a transfer. As a result, the Complaint fails to state a cause of action against 1001 WL for tortious interference with contract.

9. The claim for civil conspiracy fails because it consists of mere conclusions in violation of *Iqbal*. The civil conspiracy claim alleges that:

> 82. Each of the Defendants agreed to act and have acted intentionally and in concert with each other to harm Romspen by preventing Romspen from exercising its lawful rights under the Romspen DOT and the other Romspen Loan documents.
>
> 83. Defendants' intentional and concerted actions included wrongful, overt acts, including but not limited to abuse of process, breach of contract, and/or tortious interference with contract.
>
> 84. As a result of the Defendants' intentional, concerted, wrongful and overt acts to prevent Romspen from exercising its lawful rights under the DOT, Romspen has suffered damages.
>
> 85. Romspen is therefore entitled to an award of economic damages in an amount to be proven at trial, enforceable jointly and severally against Defendants.

1001 WL is left to guess as to what its supposed conduct was. The complaint describes two sets of conduct. First, there are the efforts to block the foreclosure post-petition. There is no allegation that 1001 WL participated in these events. Then there is the pre-petition transfer of the property.

10. The elements for a claim of civil conspiracy are:

> An action for civil conspiracy has five elements: (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result. An actionable civil conspiracy requires specific intent to agree to accomplish something unlawful or to accomplish something lawful by unlawful means. This inherently requires a meeting of the minds on the object or course of action. Thus, an actionable civil conspiracy exists only as to those parties who are aware of the intended harm or proposed wrongful conduct at the outset of the combination or agreement.

*First United Church of Beaumont v. Parker,* 514 S.W.3d 214, 222 (Tex. 2017)(clean up). The so-called conspiracy involving 1001 WL, LLC involved 1001 WL, Galleria Loop Note Holder and Ali Choudhri. The decisionmaker for each of these parties is Mr. Choudhri. Mr. Choudhri could not have conspired with himself.

11. Finally, there is a request for injunctive relief. It merely states that:

> 88. Romspen seeks equitable relief on a temporary and permanent basis enjoining the Defendants, anyone acting in concert with Defendants, and any successor to the interests of Defendants, from attempting to obstruct, interfere with, impede, or otherwise restrict Romspen's ability to enforce its rights under the Romspen DOT and any other Romspen Loan document.

12. The requirements for an injunction are described as follows.

> A preliminary injunction seeks to "prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." Some courts have found that the use of § 105 to issue an injunction is, in effect, merely an extension of the automatic stay in situations where non-debtor co-defendants require the protection of the bankruptcy court. However, such use of equitable powers to issue an injunction should be done with an eye to the requirements of Fed. R. Civ. P. 65. When a party seeks a preliminary injunction, the party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

*Villarreal v. N.Y. Marine & Gen. Ins. Co. (In re OGA Charters, LLC)*, 554 B.R. 415, 424 (Bankr. S. D. Tex. 2016). While the Complaint does not attempt to state the elements for an injunction, one omission is clearly fatal. The Complaint does not state what 1001 WL is about to do which will result in irreparable harm to the Plaintiff. This cannot be something in the past. It must be something which is imminent. Since Plaintiff didn't bother to make that allegation, its request for an injunction against 1001 WL should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant 1001 WL, LLC prays that Plaintiff's claims against it be dismissed and for such other relief, at law and in equity to which it may be entitled.

BARRON & NEWBURGER, P.C.

Dated: December 13, 2024

/s/Stephen W. Sather
STEPHEN W. SATHER
TEXAS BAR NO.: 17657520
7320 N. MOPAC EXPRESSWAY, # 400
AUSTIN, TX 78701
Email: ssather@bn-lawyers.com
PH 512-649-3243

**Certificate of Service**

By my signature below, I certify that this motion was served by CM/ECF to the following on this the 13th day of December 2024:

Kyle Hirsch
Bryan Cave Leighton Paisner, LLP
2200 Ross Ave., Suite 4200W
Dallas, TX 75201

/s/Stephen W. Sather
Stephen W. Sather